UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE JAMES JOHNSON, JR., Plaintiff, v. COUNTY OF STANISLAUS, *et al.*, Defendants. | Case No. 2:26-cv-2518-JDP (P) ORDER |

Plaintiff, a detainee in the Stanislaus County Sheriff's Detention Center, brings this action under section 1983 and alleges that defendants have failed to provide him with adequate medical care. The complaint is deficient, however, because it does not name a cognizable defendant nor does it explain how any party was responsible for his inadequate medical care. I will dismiss the complaint with leave to amend so that plaintiff may remedy this deficiency. Additionally, I will grant his application to proceed *in forma pauperis*. ECF No. 7.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that, since April 2026, he has not received adequate care in the Stanislaus County Detention Center for ongoing respiratory symptoms. ECF No. 1 at 2. As defendants, he names only the County of Stanislaus, the Stanislaus County Sheriff's Department (which is simply a part of the county), and an unspecified "medical provider/contractor." His complaint does not state an adequate claim against Stanislaus County because he does not adequately allege that the shortcomings in his care are attributable to a policy or custom of the county.[1] I

---

[1] To assert a section 1983 claim against a county defendant, a plaintiff must allege that his injury is or was attributable to some county policy or custom. *See Monell v. Dep't of Soc. Servs.*,

acknowledge that, near the end of his short complaint, he does allege that "defendant's conduct and/or the policies and practices of [the county] regarding medical intake" caused his injuries, but this is insufficient. *Id.* at 2-3. Plaintiff does not identify what policies or practices he is referring to. As best I can tell, plaintiff alleges that jail medical staff have, despite his repeated requests, failed to medically evaluate him. *Id.* at 2. The complaint does not sufficiently link this failure to a policy or practice governing "medical intake."

Additionally, the "medical provider/contractor" defendant is not adequately identified, either in terms of what conduct is specifically attributable to this individual or, more practically, with any information that would permit service once the offending conduct is adequately alleged.

Accordingly, plaintiff's complaint is dismissed with leave to amend. Within thirty days of this order's entry, plaintiff must file an amended complaint, using the form included with this order, and that his complete in itself without reference to any other pleading. Failure to file an amended complaint within the deadline will result in a recommendation that this action be dismissed for failure to prosecute.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED.

---

436 U.S. 658, 694 (1978).

IT IS SO ORDERED.

Dated: August 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE